Vernetta R. GARVIN, Plaintiff–
Appellant,

v.

BANK OF NEW YORK, Wachovia
Bank, Home EQ Servicing Corpora-
tion, Rosicki, Rosicki & Associates,
P.C., John or Jane Doe, Defendants–
Appellees.

No. 05–3959–cv.

United States Court of Appeals,
Second Circuit.

March 28, 2007.

Vernetta R. Garvin, pro se, Brooklyn,
NY, for Appellant.

Owen M. Robinson, Rosicki, Rosicki &
Associates, PC, Carle Place, NY, for Ap-
pellees.

Present: ROSEMARY S. POOLER,
REENA RAGGI, J. CLIFFORD
WALLACE,* Circuit Judges.

* The Honorable J. Clifford Wallace of the Unit-
ed States Court of Appeals for the Ninth Cir-
cuit, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Vernetta R. Garvin, *pro se*, appeals from the June 9, 2005, order of the United States District Court for the Eastern District of New York (Garaufis, J.) dismissing Garvin's complaint for lack of subject matter jurisdiction. *See Garvin v. Bank of N.Y.*, No. 05–2760, 2005 WL 1377953 (E.D.N.Y. June 9, 2005). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review de novo the District Court's dismissal for lack of subject matter jurisdiction. *Luessenhop v. Clinton County*, 466 F.3d 259, 264 (2d Cir.2006). "We construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir.2006) (internal quotation marks omitted).

We hold that the District Court properly dismissed this action pursuant to the *Rooker–Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). This doctrine applies when the following four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff asks for review and rejection of the state court judgment; and (4) the state court judgment was rendered before the federal court proceeding was filed. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir.2005). All four of these requirements are satisfied here: (1) Garvin lost in state court; (2) Garvin's complaint claims injuries caused by the state court judgment—specifically, she alleges that the state court violated her rights when it vacated the default judgment against the defendants and reinstated the foreclosure judgment against her; (3) Garvin requests the state court's decision "be overruled and reversed"; and (4) the state court judgment was entered before Garvin filed her complaint in federal court. Thus, because Garvin's complaint seeks to overturn the judgment of the state court, the District Court lacks subject matter jurisdiction over her action under the *Rooker–Feldman* doctrine. The fact that Garvin alleges a violation of her constitutional rights does not change this result. *See Feldman*, 460 U.S. at 486, 103 S.Ct. 1303 (holding that federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). As Justice Knipel instructed Garvin, if she wished to challenge his decision, she could have filed an appeal with the New York Appellate Division.[1]

For the foregoing reasons, we AFFIRM the District Court's decision to dismiss Garvin's complaint for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. Garvin's pending mo-

---

1. The Court acknowledges the letter received from Ms. Garvin on March 19, 2007. We regret that there was not sufficient time to review her entire file on the date of oral argument. None of the issues raised in her letter, however, affect our conclusion that the district court lacks subject matter jurisdiction over this action pursuant to the *Rooker–Feldman* doctrine.

tion to name additional defendants in the caption is DENIED.